ORIGINAL


SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 19 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| Plaintiff, | : Civil Action No. 2:08cv209-KS-MTP |
| v. | : |
| **NOLAN WAYNE WADE,** | : |
| Defendant. | : |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Securities and Exchange Commission ("Commission"), alleges that:

## OVERVIEW

1. This case involves defendant Nolan Wayne Wade's ("Wade") violations of a penny stock bar by the Securities and Exchange Commission. On July 29, 2003, the Commission issued an Order (the "Penny Stock Order") against Wade prohibiting him from participating in any offering of a penny stock. The Penny Stock Order was based upon the Commission's finding that it was in the

public interest that Wade be the subject of a penny stock bar because Wade had been permanently enjoined from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act by the United States District Court for the Western District of Louisiana, based upon his fraudulent participation in a penny stock offering from 1993 through 1997 and his acting as an unregistered broker-dealer.

2.   Following the Commission's issuance of the Penny Stock Order against Wade, but not later than October 31, 2005, Wade acquired more than a million shares of penny stock, namely, shares of Bio Solutions Manufacturing, Inc. ("Bio Manufacturing") pursuant to a consulting agreement he had entered into with Bio Manufacturing.  On or about May 15, 2006, Wade, both individually and through an entity that he owned and controlled, sold most of these Bio Manufacturing shares to foreign investors.

3.   On or about June 2, 2006, Wade, as president of Bio Solutions Franchise, Inc. ("Bio Franchise"), signed an agreement on behalf of Bio Franchise to sell to Bio Manufacturing all of the outstanding shares of Bio Franchise's

wholly owned subsidiary, Bio Extraction Services, Inc. ("Bio Extraction"), in exchange for ten million restricted shares of Bio Manufacturing's common stock. The acquisition was completed on June 30, 2006. At least a portion of those shares were subsequently sold.

4. Unless Wade is enjoined by this Court, Wade will continue to engage in the acts and practices alleged herein.

5. By this action, the Commission seeks: (a) permanent injunctive relief to enjoin Wade from continuing violations of the Penny Stock Order and Section 15(b)(6)(B)(i) of the Exchange Act; (b) an order commanding future compliance with the Penny Stock Order; (c) disgorgement of all ill-gotten gains based upon the conduct alleged herein, together with prejudgment interest; (d) civil fines and/or penalties; and (f) such further relief as the Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa.

7.	Certain of the transactions, acts, practices, and courses of business constituting violations of the Exchange Act occurred in the Southern District of Mississippi. Wade resides in the Southern District of Mississippi.

## DEFENDANT

8.	Wade, age 63, is a resident of Moselle, Mississippi. Wade is the president of Bio Franchise.

## FACTS

### I.	Wade's Regulatory Background

9.	On September 30, 1998, the Commission filed an injunctive action in federal district court against Wade for violating the anti-fraud and broker-dealer registration provisions of the federal securities laws.

10.	On February 2, 2000, the Commission obtained a permanent injunction against Wade enjoining him from future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act. Securities and Exchange Commission v. Nolan W. Wade, et al., Civil Action No. 98-1857-S (W.D. La) ("SEC v. Wade").

11. On December 10, 2000, the Commission initiated administrative proceedings against Wade pursuant to Section 15(b) of the Exchange Act based upon the entry of the injunction in <u>SEC v. Wade</u>. (<u>In the Matter of Nolan W. Wade, Respondent</u>, A.P. File No. 3-10650) ("<u>In re Wade</u>").

12. On February 2, 2001, following a hearing in <u>In re Wade</u>, the Administrative Law Judge ("ALJ") barred Wade from association with any broker dealer and from participation in any offering of a penny stock. Wade appealed the ALJ's decision to the Commission.

13. On July 29, 2003, the Commission issued an opinion concluding that it was in the public interest to bar Wade from association with any broker dealer and from participating in any offering of a penny stock. Opinion of the Commission dated July 29, 2003, <u>In the Matter of Nolan Wayne Wade, Respondent</u>, A.P. File No. 3-10650. The Commission simultaneously issued an Order prohibiting Wade from, <u>inter alia</u>,

> participating in any offering of 'penny stock,' including acting as a promoter, finder, consultant, or other person who engages in activities with a broker dealer, or issuer for purposes of the issuance or trading in any 'penny stock,' or inducing or attempting to induce the purchase or sale of any 'penny stock.'

5

Commission Order Imposing Remedial Sanctions dated July 29, 2003, In the Matter of Nolan Wayne Wade, Respondent, A.P. File No. 3-10650 ("Penny Stock Order"). The Penny Stock Order was based upon the Commission's finding that it was in the public interest that Wade be barred from participating in any offering of penny stock because Wade had been permanently enjoined from future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act by the United States District Court for the Western District of Louisiana, based upon his fraudulent participation in a prior penny stock offering. Opinion of the Commission dated July 29, 2003, In the Matter of Nolan Wayne Wade, Respondent, A.P. File No. 3-10650.

### I. Wade's Violative Activities

#### A. Bio Manufacturing's Stock is a "Penny Stock"

14. Bio Manufacturing is a New York corporation with offices in Las Vegas, Nevada. At all times relevant to this Complaint, Bio Manufacturing's stock was a "penny stock" within the meaning of the Exchange Act and the rules thereunder. Bio Manufacturing's stock has never traded for five dollars or more

per share, was not registered on a national securities exchange or authorized for quotation on NASDAQ, was not an NMS stock as defined by 17 CFR § 242.600(b)(47), and was not issued by a registered investment company.

15.  Bio Manufacturing's stock also qualified as a penny stock because Bio Manufacturing's net tangible assets have not exceeded $2,000,000 during its entire operating history, and its average revenues have not exceeded $6,000,000 for any three-year period.

16.  Bio Manufacturing's Form 10-KSB for its fiscal year ended October 31, 2006 filed with the Securities and Exchange Commission stated that the company's common stock "is considered to be a penny stock."

### B.  Shares Acquired by Wade Pursuant to Consulting Agreement

17.  On or about June 30, 2005, Wade entered into a consulting agreement with Bio Manufacturing. The consulting agreement provided that Wade would receive a substantial number of shares of Bio Manufacturing in exchange for providing certain consulting services. The consulting services related to the operation of Bio Manufacturing's plant in Hattiesburg, Mississippi and to the marketing of the company's products. Bio Manufacturing's Form 10-KSB for the

fiscal year ending October 31, 2005 reported that Wade owned 1,419,267 shares of Bio Manufacturing, or 8.4 percent of the company's issued and outstanding common stock.

18. On or about May 15, 2006, Wade, both individually and through an entity that he owned and controlled known as Wade's Farm LLC, sold 1,154,196 shares of Bio Manufacturing stock to foreign investors.

### C. Shares Acquired by Bio Franchise from the Sale of Bio Extraction

19. Bio Solutions Franchise, Inc. ("Bio Franchise"), a Florida corporation with offices in Hattiesburg, Mississippi, was a sales and marketing company through which Bio Manufacturing sold its products. At all times relevant to this Complaint, Wade was the president of Bio Franchise.

20. Prior to its acquisition by Bio Manufacturing on or about June 30, 2006, Bio Extraction Services, Inc. ("Bio Extraction") was a wholly owned subsidiary of Bio Franchise.

21. On or about June 2, 2006, Wade executed an agreement on behalf of Bio Franchise to transfer to Bio Manufacturing all of the outstanding shares of Bio Extraction in exchange for the issuance of ten million restricted shares of Bio

Manufacturing common stock to Bio Franchise. The acquisition was completed on or about June 30, 2006, at which time Bio Franchise was issued a stock certificate for the shares. Upon the completion of this transaction, Bio Franchise owned approximately 35 percent of Bio Manufacturing's issued and outstanding common stock. Bio Franchise sold at least some of the Bio Manufacturing shares to foreign investors in 2006.

### D. Other Shares of Bio Manufacturing Stock Acquired by Bio Franchise

22. In or around 2005, Bio Franchise acquired 1,101,055 shares of Bio Manufacturing common stock. Bio Franchise sold substantially all of these shares to foreign investors in 2005 and 2006.

### E. Shares of Bio Manufacturing Stock Sold by Innovative

23. At all times relevant to this Complaint, Wade and one other person were the owners, managing directors and control persons of Innovative Industries, LLC ("Innovative"), a Mississippi limited liability company.

24. In or around 2005 and 2006, Innovative sold several million shares of Bio Manufacturing common stock to foreign investors.

## FIRST CLAIM FOR RELIEF

## Violation of a Commission Order and Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(6)(B)

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. In or around 2005 and 2006, Wade participated in offerings of penny stock in violation of the Commission's Penny Stock Order.

27. By reason of the foregoing, Wade directly violated, and unless immediately enjoined, will continue to violate the Commission Order Imposing Remedial Sanctions dated July 29, 2003, In the Matter of Nolan W. Wade, Respondent, A.P. File No. 3-10650, which bars him from participating in any offering of penny stock. By violating the Penny Stock Order, Wade has and will continue to violate Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(6)(B).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

10

1. Issue findings of fact and conclusions of law that Wade violated the Commission's Order and Section 15(b)(6)(B)(i) of the Exchange Act as alleged above.

2. Enter a final judgment: (a) permanently enjoining Wade from, directly or indirectly, continuing violations of the Commission's Order and Section 15(b)(6)(B)(i) of the Exchange Act; (b) ordering future compliance with Commission orders; (c) ordering disgorgement of all ill-gotten gains based upon Wade's conduct alleged herein, together with prejudgment interest; and (d) ordering Wade to pay civil fines and/or penalties under Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

3. Retain jurisdiction over this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

4. Grant such other and further relief as this Court may determine to be just and necessary.

Dated: September 18, 2008

Respectfully submitted,

*William P. Hicks*
William P. Hicks
Regional Trial Counsel
Georgia Bar No. 351649
hicksw@sec.gov
(404)842-7675

*Robert K. Gordon*
Robert K. Gordon
Senior Trial Counsel
Georgia Bar No. 302482
gordonr@sec.gov
(404)842-7652

Counsel for Plaintiff

SECURITIES AND EXCHANGE COMMISSION
3475 Lenox Road, N.E., Suite 500
Atlanta, Georgia 30326-1232
Fax: (404)842-7679