IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** : : : : : | |
| **Plaintiff,** : | **Civil Action No. 2:08cv209 KS-MTP** |
| v. : : | |
| **NOLAN WAYNE WADE,** : : | |
| **Defendant.** : : : : : | |

## AMENDED FINAL JUDGMENT

This matter is pending before the Court for a determination of the amounts of disgorgement, prejudgment interest, and civil penalties to be awarded against Defendant Nolan Wayne Wade ("Defendant"). On October 19, 2009, this Court entered an Order [Doc. No. 21] with the Defendant's consent permanently enjoining the Defendant from violations of the statute charged in the Complaint, imposing a judicial penny stock bar, and providing that the Court shall determine the amount of disgorgement of ill-gotten gains,

prejudgment interest thereon, and a civil penalty, if any, that the Defendant shall pay, pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)], upon motion of the Commission. The Order provided that, for the purpose of the motion before this Court, the allegations of the Complaint are to be accepted as and deemed true, and that prejudgment interest would be calculated on the amount of any disgorgement ordered by this Court from January 1, 2007.

Accordingly, for the purposes of the instant motion, the Court accepts the following allegations of the Complaint as true:

1. On September 30, 1998, the Commission filed an injunctive action in federal district court against the Defendant for violating the anti-fraud and broker-dealer registration provisions of the federal securities laws.

2. On February 2, 2000, the Commission obtained a permanent injunction against the Defendant enjoining him from future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act. Securities and Exchange Commission v. Nolan W. Wade, et al., Civil Action No. 98-1857-S (W.D. La) ("SEC v. Wade").

3. On December 10, 2000, the Commission initiated administrative proceedings against the Defendant pursuant to Section 15(b) of the Exchange Act based upon the entry of the injunction in <u>SEC v. Wade</u>. (<u>In the Matter of Nolan W. Wade, Respondent</u>, A.P. File No. 3-10650) ("<u>In re Wade</u>").

4. On February 2, 2001, following a hearing in <u>In re Wade</u>, the Administrative Law Judge ("ALJ") barred the Defendant from association with any broker dealer and from participation in any offering of a penny stock.  The Defendant appealed the ALJ's decision to the Commission.

5. On July 29, 2003, the Commission issued an opinion concluding that it was in the public interest to bar the Defendant from association with any broker dealer and from participating in any offering of a penny stock.  Opinion of the Commission dated July 29, 2003, <u>In the Matter of Nolan Wayne Wade, Respondent</u>, A.P. File No. 3-10650. The Commission simultaneously issued an Order prohibiting the Defendant from, <u>inter</u> <u>alia</u>,

> participating in any offering of 'penny stock,'
> including acting as a promoter, finder, consultant, or
> other person who engages in activities with a broker
> dealer, or issuer for purposes of the issuance or
> trading in any 'penny stock,' or inducing or
> attempting to induce the purchase or sale of any
> 'penny stock.'

Commission Order Imposing Remedial Sanctions dated July 29, 2003, <u>In the Matter of Nolan Wayne Wade, Respondent</u>, A.P. File No. 3-10650 ("Penny Stock Order").  The Penny Stock Order was based upon the Commission's finding that it was in the public interest that the Defendant be barred from participating in any offering of penny stock because the Defendant had been permanently enjoined from future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act by the United States District Court for the Western District of Louisiana, based upon his fraudulent participation in a prior penny stock offering.  Opinion of the Commission dated July 29, 2003, <u>In the Matter of Nolan Wayne Wade, Respondent</u>, A.P. File No. 3-10650.

**<u>Bio Manufacturing's Stock is a "Penny Stock"</u>**

6. Bio Manufacturing Solutions, Inc.'s ("Bio Manufacturing") stock was a "penny stock" within the meaning of the Exchange Act and the rules thereunder.  Bio Manufacturing's stock has never traded for five dollars or more per share, was not registered on a national securities exchange or authorized for quotation on NASDAQ, was not an NMS stock as defined by 17 CFR § 242.600(b)(47), and was not issued by a registered investment company.

7. Bio Manufacturing's stock also qualified as a penny stock because Bio Manufacturing's net tangible assets have not exceeded $2,000,000 during its entire operating history, and its average revenues have not exceeded $6,000,000 for any three-year period.

8. Bio Manufacturing's Form 10-KSB for its fiscal year ended October 31, 2006 filed with the Securities and Exchange Commission stated that the company's common stock "is considered to be a penny stock."

### Shares Acquired by the Defendant

9. Bio Manufacturing's Form 10-KSB for the fiscal year ending October 31, 2005 reported that the Defendant owned 1,419,267 shares of Bio Manufacturing, or 8.4 percent of the company's issued and outstanding common stock.

10. On or about May 15, 2006, the Defendant, both individually and through an entity that he owned and controlled known as Wade's Farm LLC, sold 1,154,196 shares of Bio Manufacturing stock to foreign investors.

### Shares Acquired by Bio Franchise from the Sale of Bio Extraction

11. Bio Solutions Franchise, Inc. ("Bio Franchise"), a Florida corporation with offices in Hattiesburg, Mississippi, was a sales and marketing

company through which Bio Manufacturing sold its products.  The Defendant was the president of Bio Franchise.

12.  Prior to its acquisition by Bio Manufacturing on or about June 30, 2006, Bio Extraction Services, Inc. ("Bio Extraction") was a wholly owned subsidiary of Bio Franchise.

13.  On or about June 2, 2006, the Defendant executed an agreement on behalf of Bio Franchise to transfer to Bio Manufacturing all of the outstanding shares of Bio Extraction in exchange for the issuance of ten million restricted shares of Bio Manufacturing common stock to Bio Franchise.  The acquisition was completed on or about June 30, 2006, at which time Bio Franchise was issued a stock certificate for the shares.  Upon the completion of this transaction, Bio Franchise owned approximately 35 percent of Bio Manufacturing's issued and outstanding common stock.  Bio Franchise sold at least some of the Bio Manufacturing shares to foreign investors in 2006.

**Other Shares of Bio Manufacturing
Stock Acquired by Bio Franchise**

14.  In or around 2005, Bio Franchise acquired 1,101,055 shares of Bio Manufacturing common stock.  Bio Franchise sold substantially all of these shares to foreign investors in 2005 and 2006.

### Shares of Bio Manufacturing
### Stock Sold by Innovative

15. The Defendant and one other person were the owners, managing directors and control persons of Innovative Industries, LLC ("Innovative"), a Mississippi limited liability company.

16. In or around 2005 and 2006, Innovative sold several million shares of Bio Manufacturing common stock to foreign investors.

### Violations

17. In or around 2005 and 2006, Wade directly violated the Commission Order Imposing Remedial Sanctions dated July 29, 2003, <u>In the Matter of Nolan W. Wade, Respondent</u>, A.P. File No. 3-10650, which bars him from participating in any offering of penny stock. By violating the Penny Stock Bar Order, Wade violated Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(6)(B).

Based on the foregoing findings of fact, the Court hereby imposes the following relief:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendant and the Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, participating in an offering of a penny stock, including acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock; or inducing or attempting to induce the purchase or sale of any penny stock without the consent of the Commission in violation of Section 15(b)(6)(B)(i) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(b)(6)(B)(i)].

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that the Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that the Defendant is liable for disgorgement of $174,514, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $31,208, for a total of $205,722. Defendant shall satisfy this obligation by paying $205,722 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Nolan Wayne Wade as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $6,500.00 pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Nolan Wayne Wade as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 7, 2010

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE